Connie **JOHANNSEN**, Plaintiff—
Appellee,

v.

**NIKE, INC.**, Defendant—Appellant.

No. 08–35040.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2009.

Filed June 2, 2009.

Brian K. Gallik, Esquire, Goetz, Gallik & Baldwin, P.C., Bozeman, Mt, Stephen C. Pohl, Bozeman, MT, for Plaintiff–Appellee.

Maxon R. Davis, Esquire, Davis Hatley Haffeman & Tighe PC, Great Falls, Mt,

Susan B. Dussault, Stoel Rives LLP, Amy Elizabeth Joseph Pedersen, Portland, OR, for Defendant–Appellant.

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

## MEMORANDUM *

Connie Johannsen ("Johannsen"), a former Nike Regional Sales Representative, sued Nike under Montana's Wrongful Discharge from Employment Act (the "Act"), MONT.CODE ANN. § 39–2–901 *et seq.* Johannsen, who resigned from her position at Nike, contends that she was constructively discharged. After a bench trial, the district court entered judgment for Johannsen. On appeal, Nike contends that the district court relied on clearly erroneous factual findings and a mistaken interpretation of the Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Act defines constructive discharge as:

[T]he voluntary termination of employment by an employee because of a situation created by an act or omission of the employer which an objective, reasonable person would find so intolerable that voluntary termination is the only reasonable alternative. Constructive discharge does not mean voluntary termination because of an employer's refusal to promote the employee or improve wages, responsibilities, or other terms and conditions of employment.

MONT.CODE ANN. § 39–2–903(1). The district court agreed with Johannsen that

Nike had rendered her job objectively intolerable such that voluntary termination was the only reasonable alternative.

■ The Montana Supreme Court has explained that "whether a constructive discharge has occurred is usually a question of fact determined by the totality of the circumstances." *Bellanger v. Am. Music Co.*, 325 Mont. 221, 104 P.3d 1075, 1078 (2004). We review a district court's findings of fact entered after a bench trial for clear error. *See Saltarelli v. Bob Baker Group Med. Trust*, 35 F.3d 382, 384 (9th Cir.1994).

■ The district court found that Nike rendered Johannsen's job objectively intolerable when it expanded the geographic reach of her sales territory such that no reasonable person could perform the job successfully. The court explained that Nike "admitted that [Johannsen's] job as assigned ... was not 'doable' and that her territory had to be adjusted, but there was no indication at trial that [Nike] was making meaningful efforts to work with Johannsen to redesign a territory that was 'doable' within a reasonable time frame."

Nike contends that this finding is clearly erroneous because Johannsen adequately covered the expanded sales territory during the Fall 2005 sales season and rated her own performance as "highly successful" on a Nike self-evaluation form submitted shortly before she resigned.

Contrary to Nike's contention, the record does not conclusively show that Johannsen successfully covered the expanded territory prior to resigning. There is no evidence that she received *any* feedback from her employer on her performance with respect to the expanded territory, and the final self-evaluation form that she submitted was responsive, at least in large

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

part, to the fiscal year *preceding* her expanded assignment, *i.e.*, it is not at all clear that Johannsen was assessing her performance during the Fall 2005 sales season.

In sum, Nike has not established a "definite and firm conviction" that the district court committed a mistake in finding that Johannsen's job was objectively intolerable. *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir.1998) (en banc).

■ Nike also argues that Johannsen cannot prove a constructive discharge because she had reasonable alternatives to resigning. It points to a Nike manager's offer to meet with Johannsen, but that offer was *after* the Human Resources Department had already accepted her resignation. Johannsen responded to the offer with an email explaining that she was open to a meeting only if the subject of her expanded sales territory was still negotiable. Nike did not respond to her email. Thus, the district court's finding that Johannsen had no reasonable alternative to resignation was not clearly erroneous.

Next, Nike contends that Johannsen resigned after Nike declined to improve the "terms and conditions" of her employment, and thus, the Act prohibits a finding of constructive discharge.[1] MONT.CODE ANN. § 39-2-903(1).

■ The district court properly concluded that Johannsen did not resign because Nike failed to improve the terms and conditions of her employment, but rather because Nike affirmatively changed her job responsibilities such that they became intolerable. The Act's "terms and conditions" language bars claims predicated on an employer's failure to improve conditions

above a status quo baseline; it does not exclude claims alleging that conditions deteriorated to a point that a reasonable person would find them intolerable. *Cf. Kestell v. Heritage Health Care Corp.*, 259 Mont. 518, 858 P.2d 3, 7 (1993) (concluding that an employee established constructive discharge, within the meaning of the Act, where he introduced evidence that a major change in job responsibilities and working conditions rendered his job intolerable).

For the foregoing reasons, the district court's judgment is

**AFFIRMED.**

---

1. Nike also argues that the Act's definition of constructive discharge implies a requirement that a plaintiff prove that her employer had no legitimate business justification for the actions leading to the alleged discharge. Because Nike's interpretation does not follow from the Act's plain language, and finds no support in the Montana decisions construing the Act, we decline to adopt it.